UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TITAN FINISHES CORPORATION

      Plaintiff,

v.                                  Case No. 06-12291

SPECTRUM SALES GROUP, and          Honorable Patrick J. Duggan
WILLIAM HORE


      Defendants,

_____/


**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND
AND
DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 14, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE


On May 5, 2006, Plaintiff Titan Finishes Corporation ("Plaintiff") filed this

lawsuit against Defendants Spectrum Sales Group ("Spectrum") and William Hore

("Hore") in Wayne County Circuit Court.  Plaintiff's claims arise as a result of a Sales

Representative Agreement ("Agreement") entered into on May 4, 2004, which Plaintiff

alleges Defendants violated.  Plaintiff's claims include: breach of contract, intentional

interference with business relationships and expectancies, fraudulent misrepresentations,

silent fraud, conversion, disclosure of trade secrets, breach of fiduciary duties, and a

request for an ex parte temporary restraining and a permanent injunction.

On May 19, 2006, Defendants removed Plaintiff's complaint to this Court on the

basis of diversity jurisdiction.  Presently before the Court is Plaintiff's Motion to Remand

and Request for Sanctions, filed on June 22, 2006.  Plaintiff argues that the lawsuit must

be remanded to Wayne County Circuit Court pursuant to a forum selection clause

contained in the Agreement.  The Agreement contains a "Governing Law and

Venue/Jurisdiction" provision, which provides:

> The terms and provisions of this Agreement shall be governed by and
> construed in accordance with the laws of the State of Michigan.
> Representative [Spectrum] consents and otherwise acknowledges that the State
> of Michigan, United States of America has jurisdiction over Representative to
> settle and compromise any claim or dispute arising under this contract and that
> venue shall be proper in the Wayne County Circuit Court, State of Michigan.

(Pl.'s Mot. to Remand, Ex. A at ¶20).

I.      Motion to Remand

Plaintiff alleges the "Governing Law and Venue/Jurisdiction" provision in the

Agreement constitutes a waiver of Defendants' right of removal, citing *In Re Delta Am.*

*Re Ins. Co.*, 900 F.2d 890 (6th Cir. 1990) and *Regis Assocs. v. Rank Hotels (Management)*

*Ltd.*, 894 F.2d 193 (6th Cir. 1990).  Plaintiff, however, fails to point out that both of these

cases hold that the law in the Sixth Circuit requires the waiver of the right of removal to

be ***clear and unequivocal***.

According to the Sixth Circuit:

> The right of removal of a suit from state court to federal court is a statutory right. 28 U.S.C. § 1441.  A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute.  If the requirements of the removal statute are met, the right to removal is absolute.

*Regis Assocs.*, 894 F.2d at 195.

Although the right of removal is a statutory right, a *forum selection clause* in the agreement between the disputing parties may waive the right.  *Id.*  However, "case law makes it clear that such waiver must be clear and unequivocal."  *Id.*; *see also In re Delta Am. Re Ins. Co.*, 900 F.2d at 892 ("We acknowledged in *Regis* that the right to remove could be waived, but aligned ourselves four-square with those courts which have insisted that the waiver be clear and unequivocal . . . .").

For the purpose of determining if a defendant has waived their right of removal, "[a] forum selection clause . . . is part of a contract, and principles of contract interpretation apply."  *In Re Delta Am. Re Ins. Co.*, 900 F.2d at 892.  When interpreting a contract "the language being interpreted should be given its ordinary meaning."  *Id.* at 893.

In this case, although the language provides that the "State of Michigan" has jurisdiction, there is nothing in the provision stating that federal courts do not have jurisdiction over any disputes arising from the agreement.  A "forum selection clause" in an agreement where the primary purpose of the clause is to ensure that a party will submit to the jurisdiction of a court within the United States does not waive the right of removal.  *Id* at 893.  Such a clause would be more appropriately described as a "submit to the [*in*

*personam*] jurisdiction of a court within the United States" clause. *Id.* "The right of

removal, however, in no way interferes with *in personam* jurisdiction." *Id.*; *see also*

*Power Mktg. Direct, Inc., v. Pagnozzi*, 2006 WL 1321029, at *2 (S.D. Ohio. May 12,

2006) ("[A]n agreement not to contest subject matter or personal jurisdiction or an

agreement that the law of a specified jurisdiction will apply is merely the affirmative

conferral of personal jurisdiction by consent, not a negative exclusion of the jurisdiction

of other courts sufficient to bar removal.").

In addition, although the forum selection clause provides that "venue shall be proper

in the Wayne County Circuit Court, State of Michigan," such language simply allows the

parties to bring this action in the Wayne County Circuit Court–even if venue would not

otherwise be proper in that court. The forum selection clause does not provide that venue

would not also be proper in a federal district court in Michigan.

In this Court's opinion, the language in the Agreement requires Spectrum, a foreign

corporation,  to submit to *in personam* jurisdiction within "the State of Michigan, United

States of America," and further provides that venue is proper in "Wayne County."

However, the provision does not bar Defendants from removing the case to this Court.

Therefore, Plaintiff's Motion to Remand shall be denied.[1]

II.     Request for Sanctions

---

[1]Because the Court does not believe that the language contained in the agreement
satisfies the Sixth Circuit's "clear and unequivocal" standard, the Court need not address
Defendants' arguments that the forum selection clause only applies to Spectrum and Count I of
Titan's complaint, (*see* Def.'s Resp. ¶¶ 14 & 15).

Plaintiff also requests sanctions, attorney's fees, and costs incurred under 28

U.S.C. § 1447(c).  In their Motion, Plaintiffs allege that Defendants did not comply with

28 U.S.C. § 1446(d) and The District Court's Civility Principals and Attorney's

Responsibilities to Other Counsel ("Civility Principles") by failing to promptly notify

Plaintiff's of the removal which would have prevented the need for counsel's preparation

for and attendance at the show cause hearing in Wayne County Circuit Court.  *(See* Pl.'s.

Mot. ¶ 9).

Section 1446(d) requires that:  "Promptly after the filing of such notice of removal of

a civil action the defendant or defendants shall give written notice thereof to all adverse

parties and shall file a copy of the notice with the clerk of such State court . . . ."  28

U.S.C. § 1446(d).  Although the statute does not set forth what constitutes prompt notice

of removal, the Court finds *Alpina Power Co. v. Utility Workers Union of Am., Local 286*,

674 F. Supp. 1286 (E.D. Mich. 1987), instructive.  In *Alpena*, the court denied the

plaintiff's motion to remand where the plaintiff received oral notice 10 calendar days

after the filing of the notice of removal and written notice within 13 calendar days.  674

F. Supp. at 1287.  The court reasoned:

> The Court finds Fed. R. Civ. P. 6(a) helpful in defining "promptness."  Specifically,
> Rule 6(a) draws a distinction between time periods of "less than 11 days" and time
> periods of 11 days or greater. *See* Fed. R. Civ. P. 6(a). Based on this distinction, the
> Court believes that a period of "less than 11 days" is within the range of
> "promptness" by analogy.  In computing time under Rule 6(a) for periods of "less
> than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be
> excluded." *See id.*  Applying the Rule 6(a) exclusions to the case before the Court
> in order to complete the analogy, it is apparent that there are four excludable,

intervening days.  Thus, written notice of removal was accomplished within the allowable ten day period as defined by Rule 6(a).

*Id.* at 1287-88.

Similarly, the Court believes that Defendants, in this case, promptly notified Plaintiff and the State court of the removal.  On Friday, May 19, 2006, Defendants filed a notice of removal with the Clerk of the Wayne County Circuit Court.  According to Defendants, Defendants' Counsel sent Plaintiff's counsel an email and voice mail messages notifying Plaintiff of Defendants' removal on Monday morning, May 22, 2006.  (*See* Def.'s. Resp. at 13).  According to Defendants, Plaintiff received written notice on May 23, 2006. (*See id*.).  Thus, the Court believes that Defendants complied with 28 U.S.C. § 1446(d).

Plaintiff also contends that Defendants violated the District Court's Civility Principles by failing to notify Plaintiff that the Show Cause Hearing, which was scheduled before the State court on May 22, 2006, was canceled because Defendants had removed the case to this Court.  Paragraph 16 of the Civility Principles requires attorneys to "notify other counsel and if appropriate, the Court or other persons at the earliest possible time when hearings, depositions, meetings, or conferences are to be canceled or postponed."  However, the Preamble to the Civility Principles provides, ""[t]hese standards shall not be used alone as a basis for litigation, sanctions or penalties."

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions and attorney's

fees pursuant to 28 U.S.C. § 1447(c) and The District Court's Civility Principles and

Attorney's Responsibilities to Other Counsel is **DENIED**.


                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE



Copies to:
John E.F. Gerlach, Esq.
Christopher A. Chekan, Esq.
John M. Perrin, Esq.